IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY OWEN KNOTCHAPONE,<br><br>    Petitioner,<br><br>vs.<br><br>J. SOTO, Warden,<br><br>    Respondent. | No. C 15-2437 JSW (PR)<br><br>**ORDER DENYING MOTION FOR STAY; TO SHOW CAUSE**<br><br>(Docket No. 5) |

    Rodney Owen Knotchapone, a California prisoner proceeding pro se, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. At the time he filed his petition for writ of habeas corpus, he also filed a motion for a stay so that he could exhaust state court remedies for an unexhausted claim. The petition was found to state four cognizable claims for federal habeas relief, but denied the motion for a stay because Petitioner did not show that he qualified for stay under either *Rhines v. Weber*, 544 U.S. 269 (2005), or *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009), and *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003). The criteria for those two kinds of stays were explained to Petitioner, and he was allowed an opportunity to file a new motion, which he did in a timely fashion.

    Petitioner argues that he is entitled to a stay under *Rhines*. In *Rhines*, the United States Supreme Court held that a stay "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in

state court," the claims are potentially meritorious, and there are no intentionally dilatory litigation tactics by the petitioner. 544 U.S. at 277-78. "While a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will." *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014) (good cause was shown by petitioner who argued that he failed to exhaust claim due to state post-conviction attorney's failure to investigate, and backed up that argument with extensive evidence as to what post-conviction attorney could have found in an investigation); *Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008) (upholding denial of stay because petitioner's incorrect "impression" that counsel had raised claims to the California Supreme Court on direct appeal did not establish good cause under *Rhines*).

Mr. Knotchapone is not entitled to a *Rhines* stay because he does not show good cause for his failure to exhaust his fourth claim. Mr. Knotchapone concedes that he did not exhaust state court remedies for his fourth claim, i.e., his claim that his Fourteenth Amendment right to effective assistance of appellate counsel was violated by appellate counsel's failure to assert on appeal that Mr. Knotchapone had received ineffective assistance of trial counsel. He simply argues his fourth claim is meritorious and that, without it, habeas review will be precluded for that part of the case. That argument does not offer any reason, let alone good cause, for his failure to first exhaust state court remedies for the fourth claim. *See Blake*, 745 F.3d at 981 ("unspecific, unsupported excuses for failing to exhaust–such as unjustified ignorance–did not satisfy the good cause requirement."). As Petitioner is not entitled to a stay under *Rhines*, and he does not argue for a stay under *Kelly*, his motion for a stay and abeyance is DENIED.

The fourth claim is DISMISSED without prejudice because it is undisputedly unexhausted.

In order to expedite the resolution of this case:

1. Respondent shall file with the Court and serve on Petitioner, within **ninety-one (91)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of

the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **twenty-eight (28)** days of the date the answer is filed.

3. Respondent may, within **ninety-one (91) days**, file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28)** days of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within **fourteen (14)** days of the date any opposition is filed.

4. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: July 30, 2015

JEFFREY S. WHITE
United States District Judge

3